DEVAZIER GRAVEL, INC., *v*. JAMES LEE BUSBY

5-4183                                    414 S. W. 2d 853

Opinion delivered May 8, 1967

[Rehearing denied June 5, 1967.]

*Phil Hicky* and *E. J. Butler*, for appellant.

*James Robertson*, for appellee.

GEORGE ROSE SMITH, Justice. The appellee owns a 236-acre farm in St. Francis county. The appellant mines and washes gravel upon a nearby 80-acre leasehold in the foothills of Crowley's Ridge. Busby brought this suit to enjoin the gravel company from casting its waste products upon his farm and to recover damages for pecuniary injuries already suffered. After hearing the evidence the chancellor awarded Busby a judgment for $12,000 and permanently enjoined the defendant from permitting water from its gravel-washing operations to reach Busby's land. For reversal the appellant contends that the decree is against the weight of the testimony.

In our opinion the overwhelming preponderance of the evidence supports the chancellor's findings. Before Devazier began its operations in April, 1962, Busby's farm was effectively drained by a man-made ditch system more than a mile in length, some of the ditches being as much as ten feet wide and nine feet deep. Within a month after Devazier began to wash gravel Busby protested the damage that was being done to his land by the waste water flowing from Devazier's plant. What the chancellor described as "tremendous" quantities of sand and clay were deposited in the plaintiff's ditches, causing them to overflow in wet weather. On two occasions during the three years preceding the trial in 1965, Devazier sent in heavy equipment to clean out Busby's drainage system. Those measures were ineffective, because the resulting spoil bank, composed of clay and sand, could not be spread over the fields without permanent damage to their fertility.

That Busby was seriously injured is not open to question. The overflow of water and silt from the clogged ditches damaged both the land and the growing crops. More than 12,000 cubic yards of clay and sand were deposited upon his farm. The only complete remedy would be the removal of those substances at a cost estimated at eighty cents a yard. A real estate dealer testified that the market value of the farm had been reduced by $23,600. Upon the proof as a whole the chancellor's award of $12,000 is by no means excessive.

Nor can it be said that the plaintiff was not entitled to injunctive relief for the future. The testimony adduced by the defendant offered hardly a semblance of justification for its course of action, other than self-interest. Clarence Devazier valued his contracts for the sale of gravel at $90,000. It is a fair conclusion from the evidence that the gravel plant was such a profitable venture that Devazier was determined to continue it even at the cost of having to pay Busby for the damage inflicted upon his property. At the trial, after Busby has suffered losses for three years, Clarence Devazier

merely stated that within the next ten days or two weeks he planned to excavate additional settling ponds to relieve the situation. In the circumstances only a permanent injunction can afford Busby the protection that he is entitled to by law.

Affirmed.